UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AFRICARD CO. LTD.**, <br><br> *Petitioner*, <br><br> v. <br><br> **REPUBLIC OF NIGER**, <br><br> *Respondent*. | Civil Action No. |

**PETITION TO CONFIRM FOREIGN ARBITRATION AWARD AND TO ENTER JUDGMENT**

Petitioner Africard Co. Ltd. ("Africard"), by their undersigned attorneys, Chadbourne & Parke LLP, alleges as follows:

**NATURE OF THE PROCEEDING AND RELIEF SOUGHT**

1. Petitioner is commencing this proceeding to confirm an international arbitration award (the "Final Award") and to have a judgment entered thereon, pursuant to Section 207 of the Federal Arbitration Act, 9 U.S.C. § 207, and in accordance with the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York Convention").[1]

---

[1] 21 U.S.T. 2517 (entered into force Dec. 29, 1970).

## PARTIES

2. The Petitioner, Africard, is a company incorporated in the British Virgin Islands with a registered office located at Geneva Place, Road Town, Tortola. Declaration of Christopher D. Man in Support of the Petition of Africard ("Man Decl.") ¶ 4 attached hereto as Exhibit 1.

3. The Respondent, Niger, is a "foreign state" under the Foreign Sovereign Immunities Act. 28 U.S.C. § 1603(a). In accordance with a special arrangement for service between the Petitioner and the Respondent, Niger's notice address is Minister of Interior, Public Safety, Decentralization and Religious Affairs – BP 622 – Fax: 0022720722176 – Niamey, Niger. *See* Man Decl., Ex. B (Agreement) at Art. 30. Additionally, the address of the head of the ministry of foreign affairs of Niger is: Ms. Aïchatou Kané Boulama, Minister of Foreign Affairs, Cooperation and African Integration, BP 396, Niamey, Niger.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction to confirm a foreign arbitral award, under the New York Convention pursuant to 9 U.S.C. § 203, which provides that:

> An action or proceeding falling under the Convention [the New York Convention] shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States (including the courts enumerated in section 460 of title 28) shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.

9 U.S.C. § 203.

5. The Final Award is governed by the New York Convention because:

      (i)     The arbitral award arose from a commercial legal relationship between Niger and Africard;
      (ii)    There was a written agreement to arbitrate disputes arising out of the commercial relationship between Niger and Africard;
      (iii)   The agreement provided for arbitration proceedings to take place at the OHADA Common Court of Justice and Arbitration, which is located in Abidjan, Côte d'Ivoire; and
      (iv)   Neither Niger or Africard is a citizen of the United States.

*See* 9 U.S.C. § 202.

6. This court has subject matter jurisdiction to confirm a foreign arbitral award against Niger, a foreign state, pursuant to 28 U.S.C. § 1330(a) which provides that:

> The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605-1607 of this title or under any applicable international agreement.

28 U.S.C. § 1330(a).

7. Under 28 U.S.C. § 1605(a)(6) Niger is not entitled to immunity since this proceeding seeks to confirm an arbitral award governed by a treaty providing for the recognition and enforcement of arbitral awards (the New York Convention). 28 U.S.C. § 1605(a)(6) (providing that a "foreign state shall not be immune from jurisdiction…in any case…in which the action is brought…to confirm an award…governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards").

8. It is well settled that the New York Convention falls within the meaning of § 1605(a)(6). *See Chevron Corp. v. Ecuador*, 795 F.3d 200, 203 (D.C. Cir. 2015).

9. This Court has personal jurisdiction over Niger pursuant to 28 U.S.C. § 1330(b), which states that:

> Personal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction under subsection (a) where service has been made under section 1608 of this title.

28 U.S.C. § 1330(b).

10. Petitioner is making service on Niger pursuant to 28 § U.S.C. 1608(a)(1) "by delivery of the summons and complaint [petition] in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision." 28 § U.S.C. 1608(a)(1); *See* Man Decl. ¶ 13. In addition, Petitioner is making service in accordance to 28 U.S.C. 1608(a)(3) "by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state [French], by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned." 28 § U.S.C. 1608(a)(3); *See* Man Decl. ¶ 13.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(f)(4), which provides that a civil action against a foreign state may be brought in the United States District Court for the District of Columbia.

**FACTUAL BACKGROUND**
**THE PARTIES' AGREEMENT**

12. In and around 2011, Niger sought to obtain a contractor to mass produce biometric and electronic passports. Man Decl., Ex. D (Interim Procedural Award) ¶ 1. Following a competitive tender, Niger selected the Petitioner to produce the passports and on October 13, 2011 Africard and Niger entered into a production agreement (the "Agreement"). Man Decl., Ex. D (Interim Procedural Award) ¶ 1-3. A duly certified copy of the Agreement is attached as Ex. A to the Man Decl. and a certified translation is attached as

4

Ex. B to the Man Decl. *See* Declaration of Dany E. Chaccour in Support of the Petition of Africard ¶ 2 attached hereto as Exhibit 2.

13. According to the terms of the Agreement, Africard was to produce a "minimum of one million (1,000,000) biometric and electronic passports including a minimum of eight hundred sixty thousand (860,000) regular passports, [] one hundred thousand (100,000) regular passports for students and minors and [] forty thousand (40,000) diplomatic and service passports." Man Decl., Ex. D (Interim Procedural Award) ¶ 5.

14. On March 24, 2011, Niger unilaterally cancelled the Agreement. Afterwards, in light of the cancellation, Petitioner attempted to negotiate another contractual arrangement and appealed to Nigerien authorities, to no avail. Man Decl., Ex. D (Interim Procedural Award) ¶¶ 19, 22. Pursuant to the Agreement's arbitration provision, on April 8, 2013, the Petitioner elected to refer the dispute to arbitration at l'Organisation Pour L'harmonisation En Afrique Du Droit Des Affaires' ("OHADA") Common Court of Justice and Arbitration ("CCJA") in Abidjan, Côte d'Ivoire. Man Decl., Ex. D (Interim Procedural Award) ¶ 32.

15. OHADA is a multi-lateral system of laws, regulations, and implementing institutions that encompasses Niger and sixteen west and central African nations. The OHADA Treaty established the CCJA.

16. The CCJA serves a dual role as both the highest appellate court that adjudicates disputes in member states concerning the interpretation and application of the OHADA Uniform Acts and as an arbitration center administering arbitration proceedings brought under the OHADA Treaty and subject to the arbitration rules of the CCJA, like the arbitration at issue in this petition.

## ARBITRATION BEFORE THE CCJA

17. Through 2013 and 2014 the parties filed submissions and had hearings. During the course of the arbitration, Niger admitted to unilaterally terminating the Agreement. Man Decl., Ex. D (Interim Procedural Award) ¶ 33.

18. During the proceedings, Africard sought 24,747,000,000 West African CFA Francs for costs incurred, lost profits (which were recoverable pursuant to Article 11 of the Agreement), consequential damages, and reputational harms arising from Niger's improper cancellation of the Agreement. Man Decl., Ex. D (Interim Procedural Award) ¶¶ 67-70; Man Decl., Ex. B (Agreement) at Art. 11.

## THE INTERIM PROCEDURAL AWARD AND THE FINAL AWARD

19. On June 9, 2014, the arbitral tribunal issued the Interim Procedural Award, holding that "the unilateral termination by the State of Niger of the Agreement of October 13, 2011 for the production of biometric and electronic passports in the Republic of Niger is abusive and wrongful" and that Africard should be awarded costs incurred, lost profits, consequential damages, and costs arising out of reputational harms incurred due to Niger's improper cancellation of the Agreement. Man Decl., Ex. D (Interim Procedural Award) ¶¶ 64-70. A duly certified copy of the Interim Procedural Award is attached as Exhibit C to the Man Decl. and a certified translation of the Interim Procedural Award is as Exhibit D to the Man Decl.

20. Subsequently, on December 6, 2014, the Tribunal issued the Final Award. A duly certified copy of the Final Award and a certified translation is attached, respectively, as Exhibits E and F to the Man Decl.

21. In the Final Award the Tribunal awarded the Petitioner:

- 44,740,781 West African CFA Francs as compensation for costs incurred with 13% interest (the annual interest rate of the Central Bank of West African States) accruing from April 15, 2013;
- 15,440,533,316 West African CFA Francs as compensation for lost profits, with 13% interest accruing from April 15, 2013;
- 1,000,000,000 West African CFA Francs for reputational harms incurred, with 13% interest accruing from the date of the issuance of the Final Award, December 6, 2014; and
- 156,747,299 West African CFA Francs for the cost of the arbitral proceedings.

Man Decl., Ex. E (Final Award) ¶ 64.

22. As of the present date, Niger has failed to pay the amounts it owes to Africard, pursuant to the Final Award. Man Decl. ¶ 12

**CLAIMS FOR RELIEF**
**(9 U.S.C. § 207)**

**FIRST CLAIM FOR RELIEF**
**(CONFIRMATION OF THE FINAL AWARD)**

23. Petitioner repeats and realleges each and every allegation contained in paragraphs 1 through 22, above, inclusive, and incorporates them herein by reference.

24. The New York Convention is implemented by the Federal Arbitration Act. 9 U.S.C. §§ 201 *et seq*. (1999). The United States is subject to the reciprocity and commercial activity reservations set forth in Article I of the New York Convention.

25. In the United States, the New York Convention governs the Final Award since the United States, Niger, and the Côte d'Ivoire (where the Final Award was rendered) are contracting states to the New York Convention and because the Final Award arises out of a commercial relationship: the production of biometric and electronic passports.

26. The Petition is timely pursuant to 9 U.S.C. § 207 because it is being filed within three years of the issuance of the Final Award.

27. Accordingly, this Court has jurisdiction to confirm the Final Award against Niger.

28. No grounds exist for this Court to refuse confirmation and recognition of the Final Award.

29. The Final Award includes an award in the amount of 16,642,021,396 West African CFA Francs, plus interest.

30. Therefore, this Court should confirm the Final Award pursuant to 9 U.S.C. § 207, and enter judgment for the relief awarded therein. Prior to the entry of the judgment, this Court should convert the judgment into United States dollars, at a rate to be set at such a time.

## SECOND CLAIM FOR RELIEF
## (INTEREST ON AMOUNTS DUE UNDER THE AWARD)

31. Petitioner repeats and re-alleges each and every allegation contained in paragraphs 1 through 30, above, inclusive, and incorporates them herein by reference.

32. Under the terms of the Final Award, Petitioner is entitled to interest at an annual rate of 13%, running from April 15, 2013, on 15,485,274,097 West African CFA Francs, until the sums awarded in the Final Award are paid in full.

33. Additionally, Petitioner is entitled to interest at an annual rate of 13%, running from December 6, 2014, on 1,000,000,000 West African CFA Francs, until the sums awarded in the Final Award are paid in full.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests an order:

    a) Confirming the Final Award pursuant to U.S.C. § 207 and entering a judgment in favor of Petitioner and against Respondent in accordance with the Final Award;

 b) Awarding interest, legal expenses, and arbitration costs in accordance with the Final Award; and

 c) Granting such other and further relief as the Court deems just and proper.

Dated: Washington, D.C., U.S.A.
    February 4, 2016

            CHADBOURNE & PARKE LLP

           By   /s/ Christopher D. Man
             Christopher D. Man
             D.C. Bar Number: 453553

             Chadbourne & Parke LLP
             1200 New Hampshire Avenue, N.W.
             Washington, D.C. 20036
             cman@chadbourne.com
             Telephone: (202) 974-5600
             Facsimile: (202) 974-5602

             Mark D. Beckett (*pro hac vice pending*)
             Christian Urrutia (*pro hac vice pending*)

             Chadbourne & Parke LLP
             1301 Avenue of the Americas
             New York, NY 10019
             Telephone: (212) 408-5100
             Facsimile: (212) 541-5369

             *Counsel for Petitioner*
             Africard Co. Ltd.