**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**AFRICARD CO. LTD.,**

                  *Petitioner,*

v.

**REPUBLIC OF NIGER,**

                  *Respondent.*

Civil Action No: 1:16-cv-196(ABJ)

## SUPPLEMENTAL STATUS REPORT

Africard Co. Ltd. ("Africard") respectfully submits this supplement to its March 30, 2018 status report regarding proceedings before the Common Court of Justice and Administration in Côte d'Ivoire ("CCJA").

Africard learned for the first time from Niger's March 30, 2018 status report that on March 29, 2018, the CCJA posted a notice on the website Ohada.org announcing that a hearing on Niger's petition for review of the arbitral award will be held on April 12, 2018.[1] (*See* DE 71 at 1.) As set forth in a subsequent letter to the CCJA by Cheick Diop, Africard's counsel to the CCJA, Africard received no prior notice of the hearing date from the CCJA. (*See* Ex. A.) Africard thus had no knowledge of the hearing at the time it filed its status report on March 30.

---

[1] Africard believes it is not a coincidence that the CCJA's March 29, 2018 posting of a hearing date immediately preceded this Court's deadline for the parties to submit their respective status reports.

Africard has since made its own inquiries to the CCJA and has now been informed by the Chief Clerk of the CCJA that a hearing will in fact take place on April 12.  (*See* Ex. B.)[2]

This is only the latest instance in which Africard has had to belatedly learn about developments at the CCJA from Niger's submissions to this Court, including submissions revealing a troubling pattern of direct, ex parte communications between Niger's counsel before the CCJA and the CCJA's representatives concerning the status of the proceedings.  In its February 21, 2018 supplemental status report, for example, Niger informed the Court that the CCJA would hold a hearing in "forty days" at which it would announce its decision on Niger's petition (DE 71 at 1), and attached documents evidencing verbal and written communications between Niger's counsel at the CCJA and the Chief Clerk of the CCJA regarding the status of the proceedings.  (*See* DE 71 at 1, Ex. 1 at 1, Illo Annex A, Ex. 2.)[3]  Neither Niger nor the CCJA informed Africard of these communications, which Africard learned about only from Niger's

---

[2]  It should be noted that while individual arbitrators authorized by the CCJA adjudicate matters under its auspices, the application Niger is pursuing at the CCJA in this matter is apparently going to be heard by a panel of thirteen CCJA representatives, each representative appointed by a member country of the CCJA, including Niger.

[3]  In another procedurally confounding move, Niger sought and was granted authorization by the CCJA to file an additional brief in response to Africard's submission challenging the admissibility of Niger's evidence in support of its petition for review, but then inexplicably waived its right to file the brief and instead invited the CCJA to rule on its petition. (*See* DE 67 at 1, Exs. A, B.)  A letter to the CCJA from Niger's counsel waiving Niger's right of reply was apparently stamped and received by the CCJA one day before Niger filed its status report on December 22, 2017, allowing Niger to assert in its status report that "the CCJA is now in a position to rule on Niger's application to vacate the arbitration award at issue." (*See* DE 67 at 2.)  Thus, Niger's communications and actions with respect to the CCJA have often coincided with status reports due before this Court.

supplemental status report, and it is unclear to Africard how Niger was able to provide such a specific estimate of a hearing date absent direct guidance from the CCJA.

Africard is unaware whether Niger may have had additional communications with the CCJA prior to March 29, 2018, and whether it may have further information concerning the current status of the proceedings or future developments before the CCJA. Niger has not disclosed that information to Africard or to this Court. Africard will provide the Court with an update on the April 12 hearing, and on any other developments before the CCJA, once it has further information concerning these matters.

Dated: April 11, 2018

*/s/* Christopher D. Man
Christopher D. Man
D.C. Bar No. 453553
NORTON ROSE FULBRIGHT US LLP
1200 New Hampshire Avenue, NW
Washington, DC  22306
(202) 942-6479
christopher.man@nortonrosefulbright.com

Thomas J. McCormack
John P. Figura
Jacob Laksin
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY  10019
(212) 408-5100
thomas.mccormack@nortonrosefulbright.com
jack.figura@nortonrosefulbright.com
jacob.laksin@nortonrosefulbright.com

*Attorneys for Petitioner Africard Co. Ltd.*